REQUESTED BY: Senator Chris Beutler Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
This is in response to your letter of December 15, 1983, concerning proposed legislation to amend Neb.Rev.Stat. § 77-624 (Supp. 1983). This statute provides a method for allocating the value of car line companies to the State of Nebraska for property taxation purposes. It does so by use of a so-called `miles-to-miles' formula. In addition, the statute specifically provides that, `No other method of allocation shall be used.' You perceive a constitutional problem stemming from improper `valuation' as a result of the application of this statute and your proposed legislation is apparently intended to correct this problem by removing any restrictions on the method used to allocate car line values to Nebraska.
It is important to note from the outset that valuation and allocation are two entirely separate steps in the taxation of car line companies. In actuality all the property of the car line companies, i.e., the cars themselves, is valued using the standard methods of valuation outlined in statute and the Constitution. Since the car line companies, and the property itself, are engaged in interstate operations a portion of that value must thus be subsequently allocated to the State of Nebraska. Since valuation has already been performed, the Nebraska statutory and constitutional requirements pertaining to valuation do not have any bearing on the process of allocating a portion of this value to Nebraska.
Essentially, the only requirement that courts have placed upon the allocation of values is that they produce a reasonable result, in that any formula used must bear a rational relationship to property values connected with the taxing state. In the case of Norfolk W.R. Co. v. TaxCommission, 390 U.S. 317 (1968), the Court did not hold the statutory allocation formula in question invalid, rather it merely determined that its application to the particular facts at hand achieved an unconstitutional result. It is important to note that the `miles-to-miles' formula at issue in this case involved the total number of miles of track owned by the railroad compared to the miles of track owned by the railroad within the taxing state. When valuing rolling stock this could obviously achieve some strange results as it did in this case. In Nebraska the `miles-to-miles' formula is based on the total miles traveled by the rolling stock of the car line company compared to the miles traveled within the state. The differences between the results achieved by application of these two statutes should be obvious.
In the Norfolk case, supra, the Court set forth the pertinent principles of law.
 "It is of course settled that a State may impose a property tax upon its fair share of an interstate transportation enterprise. . . . That fair share may be regarded as the value, appropriately ascertained, of tangible assets permanently or habitually employed in the taxing State, including a portion of the intangible, or `going-concern,' value of the enterprise. . . . As a consequence, the States have been permitted considerable latitude in devising formulas to measure the value of tangible property located within their borders. . . . A number of such formulas have been sustained by the Court, even though it could not be demonstrated that the results they yielded were precise evaluations of assets located within the taxing State."
Id. at 390 U.S. 323, 324.
 "Any formula used must bear a rational relationship, both on its face and in its application, to property values connected with the taxing State.
 ". . . This Court has, in various contexts, permitted mileage formulas as a basis for taxation. . . . A railroad challenging the result reached by the application of such a formula has a heavy burden. . . . It is confronted by the vastness of the State's taxing power and the latitude that the exercise of that power must be given before it encounters constitutional restraints. Its task is to show that application of the mileage method in its case has resulted in such gross overreaching, beyond the values represented by the intrastate assets purported to be taxed, as to violate the Due Process and Commerce Clauses of the Constitution."
Id. at 325, 326.
There would seem to be nothing inherently improper on the face of the present `miles-to-miles' allocation formula, including the limitation imposed by the statute. If a car line company could meet the burden imposed upon it, and show that the result obtained by application of this formula was completely unreasonable, then strict application of the statute would obviously be improper under those circumstances. We are not aware of any car line company which has made such a showing before a court of law in this state.
Sincerely,
PAUL L. DOUGLAS Attorney General
John Boehm Assistant Attorney General